UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-80252-AMC

WILLIAM R. JOHNSON,

                Plaintiff,

      v.

MARIA BORELL,

                Defendant.

_____/

**PARTIAL REPORT AND RECOMMENDATION ON MOTION TO DISMISS**

      Defendant Maria Borell moves to dismiss the Second Amended Complaint under Fed. R. Civ. P. 41(b), 12(b)(1), 12(b)(2), and 12(b)(6) ("Motion to Dismiss"). ECF No. 62. The motion is fully briefed. ECF Nos. 87 (response), 100 (reply). It has been referred to me for a recommendation. ECF No. 103.

      For the following reasons, it is RECOMMENDED that the Motion to Dismiss [62] be DENIED insofar as it asserts a lack of subject matter jurisdiction. I will address the remaining arguments in the motion by a separate Report and Recommendation. Before reaching those grounds, however, I must first address Ms. Borell's jurisdictional challenge. *Madara v. Hall*, 916 F.2d 1510, 1514 n.1 (11th Cir. 1990) (citation omitted).[1]

_____

[1] In other motions, Ms. Borell asks for limited jurisdictional discovery. ECF Nos. 76,

The Second Amended Complaint pleads diversity jurisdiction under 28 U.S.C. §1332. ECF No. 60 ¶6. It alleges that Mr. Johnson is a citizen of Florida. It does not allege Ms. Borell's citizenship. Ms. Borell says there is no diversity jurisdiction because Mr. Johnson is a citizen of California, not Florida, ECF No. 62 at 2-3.

A challenge to the Court's subject matter jurisdiction can be facial or factual. *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-1529 (11th Cir. 1990). A facial challenge attacks the sufficiency of the allegations in the complaint, which the court interprets as true. *Id.* at 1529. A factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings." *Id.* For a factual challenge, "matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* "When faced with factual disputes regarding subject matter jurisdiction, the district court serves as the fact-finder and may weigh the evidence, provided that the challenge to subject matter jurisdiction does not implicate an element of the cause of action." *Scarfo v. Ginsberg,* 175 F.3d 957, 961 (11th Cir. 1999).

Here, Ms. Borell makes a factual challenge, so I can consider facts outside the four corners of the Second Amended Complaint. In response to my Order to Show Cause, Mr. Johnson points to facts in the record that, as a whole, plausibly show that Ms. Borell is not a citizen of Florida or California, and is likely a citizen of Kentucky. *See* ECF No. 106. Ms. Borell has disclaimed being a citizen of Florida. *See* ECF No.

---

93. I have denied those motions by a separate Order.

73 at 4.[2] She has not asserted citizenship in California, nor is there any evidence in the record that she is a citizen of California. If Ms. Borell is not a citizen of California or Florida, it does not matter for diversity purposes whether Mr. Johnson lives in Florida or California. Either way, he has different citizenship from Ms. Borell, so this Court has jurisdiction under Section 1332.

## <u>NOTICE OF RIGHT TO OBJECT</u>

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 3rd day of February 2026.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

---

[2]As a *pro se* litigant, Ms. Borell's signed pleadings are also statements of a party.

3