UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 25-80252-CIV-CANNON

**WILLIAM R. JOHNSON,**

    Plaintiff,

v.

**MARIA BORELL,**

    Defendant.

_____/

## ORDER OVERRULING PRO SE DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE REINHART'S ORDER SETTING STATUS CONFERENCE

**THIS CAUSE** comes before the Court upon *pro se* Defendant's "Emergency Objection and Request for Protective Relief" (the "Objection"), filed on December 11, 2025 [ECF No. 88]. The Court has reviewed the Objection [ECF No. 88], Magistrate Judge Reinhart's Order Setting Status Conference [ECF No. 86], and the full record. For the following reasons, Defendant's Objection is **OVERRULED**.[1]

### RELEVANT BACKGROUND

Plaintiff initiated his case on February 21, 2025 [ECF No. 1] and filed his operative Second Amended Complaint (the "SAC") on November 13, 2025 [ECF No. 60]. On December 9, 2025, to address questions regarding "discovery case management and pre-filing conferral requirements" [ECF No. 71], Magistrate Judge Reinhart held a Discovery Status Conference [ECF Nos. 82, 86]. At that status conference, Magistrate Judge Reinhart directed the parties to confer on Ms. Borell's responses to Mr. Johnson's requests for written discovery as well as on the domiciles of the parties

---

[1] Defendant appears to embed a motion for protective order within her objections. For the same reasons that Defendant's objections fail, any such motion likewise fails. Thus, to the extent that Defendant intermingles a motion for protective order within her objections, that motion is denied.

and any agreements to be reached regarding the need for and scope of jurisdictional discovery in this case [ECF No. 86 p. 2]. Magistrate Judge Reinhart further directed the parties to confer and appear for a Telephonic Status Conference on December 18, 2025, at 11:00 A.M. to provide an update on the aforementioned issues [ECF No. 86 p. 2]. Defendant now objects to that Order requiring the parties to confer and discuss the status of discovery, claiming that the "act of anticipating discovery questions" causes Defendant distress, "forces Defendant to relive traumatic events," and "threat[ens] and attempts to silence Defendant" [ECF No. 88 p. 1].

## LEGAL STANDARDS

The standard of review applicable to a magistrate judge's order depends on whether the matter is dispositive. Fed. R. Civ. P. 72(a), (b). If a matter is non-dispositive, as it is here, the "clearly erroneous or contrary to law standard" applies. Fed. R. Civ. P. 72(a) (establishing the clearly erroneous standard of review for discovery and other pretrial rulings by a magistrate judge). A finding of fact is clearly erroneous "if the record lacks substantial evidence to support it" or if the court is left with "a definite and firm conviction that an error has been committed." *Lincoln v. Bd. Of Regents of Univ. Sys. of Georgia*, 697 F.2d 928, 939 (11th Cir. 1983). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Positano Place at Naples IV Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-CV-186-SPC-KCD, 2024 WL 3817021, at *1 (M.D. Fla. Aug. 14, 2024) (quoting *A.R. by and through Root v. Dudek*, 151 F. Supp. 3d 1309, 1312 (S.D. Fla. 2015)).

## DISCUSSION

An order requiring conferral and setting a status conference is a non-dispositive pretrial matter, warranting clear error review. *See* Fed. R. Civ. P. 72(a). There is no error here, much less

clear error, in Magistrate Judge Reinhart's routine order requiring conferral on discovery and scheduling a status conference.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Objections to Judge Reinhart's Order (styled by Defendant as "Defendant's Emergency Objection and Request for Protective Relief Pending Anti-SLAPP Ruling") [ECF No. 88] are **OVERRULED**.

**ORDERED** in Chambers at Fort Pierce, Florida, this 4th day of February 2026.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     Maria Borell (via email)