UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 25-80252-CIV-CANNON/Reinhart

WILLIAM R. JOHNSON,

     Plaintiff,

v.

MARIA BORELL,

     Defendant.

_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND CLOSING CASE

**THIS CAUSE** comes before the Court upon Magistrate Judge Bruce E. Reinhart's Report and Recommendation on Defendant Maria Borell's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 62]. The Report recommends that the Court grant the Motion to Dismiss for Lack of Personal Jurisdiction and dismiss the Second Amended Complaint (the "Report") [ECF No. 129]. The Court has reviewed the Motion to Dismiss [ECF No. 62]; the Report [ECF No. 129]; Plaintiff's Objections to the Report and Defendant's Response [ECF Nos. 140–141], and the full record.

Following careful review, for the reasons set forth below, the Report is **ACCEPTED**; the Motion is **GRANTED**; and Plaintiff's Second Amended Complaint [ECF No. 60] is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction but without leave to replead in this action.

## REVEVANT BACKGROUND

This is a defamation dispute between Plaintiff William R. Johnson ("Plaintiff"), a professional race car driver who has resided in Palm Beach County, Florida since 2014, and

Defendant Maria Borell ("Defendant"), a former romantic partner of Plaintiff whose domicile and permanent location is "unknown" [ECF No. 60 ¶¶ 1–2].  Plaintiff and Defendant dated from approximately June 2022 until February 2023, when Plaintiff ended the relationship on bad terms [ECF No. 60 ¶¶ 26–27, 33].

According to the Verified Second Amended Complaint, around late February 2023, Defendant began a campaign to damage Plaintiff's professional reputation [ECF No. 60 ¶¶ 34–48].  As part of that campaign, Defendant published and republished a law enforcement affidavit that she had executed through multiple alias e-mail and social media accounts accusing Plaintiff of physical assault, along with independent statements falsely accusing Plaintiff of domestic violence, criminal conduct, and abuse—and then directed these communications to various individuals and entities, including Plaintiff's team owners, racing organizations, and national media outlets (including ESPN and NBC Sports) [ECF No. 60 ¶¶ 40–48].  Defendant disseminated these allegedly false accusations through social media posts on Twitter, Reddit, and Instagram and also contacted various individuals, including via email using various email accounts [ECF No. 60 ¶¶ 34–48].

Defendant, appearing *pro se*, moves to dismiss the Second Amended Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), among other grounds [ECF No. 62].[1] Defendant argues that she has not been in Florida since 2023; that she did not commit any tortious act in Florida; and that she did not direct any statement into Florida [ECF No. 62 p. 3; *see* ECF No. 100 pp. 12–13].  The Report ultimately agrees with Plaintiff, concluding that the Second Amended Complaint does not establish a *prima facie* case for personal jurisdiction over Defendant

---

[1] The Motion also moves to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), citing a lack of diversity jurisdiction.  This matter is the subject of a separate Report and Recommendation accepted by separate order [ECF Nos. 112, 142].

[ECF No. 129].  The Report focuses its analysis on the Due Process Clause and determines—both under the effects and minimum-contacts tests for personal jurisdiction—that Defendant neither committed any acts in Florida, directed any statements into Florida, nor purposefully availed herself of the privilege of engaging in activities in Florida sufficient to confer personal jurisdiction in this forum [ECF No. 129 p. 13 ("[T]he SAC contains no specific allegations that Ms. Borell targeted a Florida audience or knew the effects of her conduct would be felt specifically in Florida."); ECF No. 129 p. 14 ("[N]othing in the SAC shows that Florida was the focal point of Ms. Borell's statements or that she should have anticipated harm specific to Florida.")].  Plaintiff takes issue with that conclusion in his Objections, maintaining his view that the Second Amended Complaint adequately alleges that Defendant purposely directed her defamatory conduct toward Florida [ECF No. 140].

The Report is ripe for adjudication [ECF Nos. 140, 141].

## LEGAL STANDARDS

**Challenging a Magistrate's Report**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc*., 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  Legal conclusions are reviewed de novo, even in the absence of an objection.  *See LeCroy v. McNeil*,

397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

**Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2)**

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). Generally, "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). But if "a defendant challenges personal jurisdiction in a Rule 12(b)(2) motion to dismiss," Federal Rule of Civil Procedure 12(i) affords the district court "discretion on how to proceed." *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021). The court can travel down two paths: (1) hold an evidentiary hearing before trial to make factual findings about personal jurisdiction under a preponderance of the evidence standard or (2) decide the motion to dismiss under a prima facie standard. *Id*. at 1364–65; Fed. R. Civ. P. 12(i). *See generally N. Am. Sugar Indus., Inc. v. Xinjiang Goldwind Sci. & Tech. Co.*, 124 F.4th 1322, 1333 (11th Cir. 2025) (describing available procedures to evaluate challenges to personal jurisdiction). "[E]ven if the district court does not hold an evidentiary hearing, the defendant challenging jurisdiction may submit 'affidavit evidence in support of its position' at the pleading stage." *Id.* (quoting *Mazer*, 556 F.3d at 1274). And in that case, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd*., 288 F.3d 1264, 1269 (11th Cir. 2002). If the district court applies a prima facie standard and elects not to hold an evidentiary hearing under Rule 12(i), the district court must construe all reasonable factual inferences in favor of the plaintiff to the extent "the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits." *Diamond Crystal*

4

*Brands, Inc. v. Food Movers Int'l, Inc*. 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *Meier*, 288 F.3d at 1269).

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Mazer*, 556 F.3d at 1274. Florida's long-arm statute provides for both specific and general jurisdiction. *Carmouche v. Tamborlee Mgmt., Inc*., 789 F.3d 1201, 1204 (11th Cir. 2015). Both prongs must be satisfied. Even if a state's long-arm statute authorizes jurisdiction, the exercise of that jurisdiction must independently comport with due process. *See Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008).

Under the due process analysis, courts employ two tests to evaluate whether specific jurisdiction is proper: the effects test and the minimum contacts test. *See Calder v. Jones*, 465 U.S. 783, 789 (1984); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1357 (11th Cir. 2013). The effects test requires a showing that the defendant "(1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1221 n.28 (11th Cir. 2009). As articulated recently by the Eleventh Circuit in *Moore v. Cecil*, 109 F.4th 1352 (11th Cir. 2024), in the context of social media and internet-based activities, courts "must look to the defendant's focus, purpose, and/or intent in posting the information." *Id.* at 1363. A plaintiff must demonstrate that the forum state was "the focal point" of the defendant's communications and that the defendant "intended to target an audience specifically in that state." *Id.* at 1364. "[W]here there is no evidence that the defendant posted the allegedly defamatory information hoping to reach the forum state or an audience in the forum state specifically, then

the . . . effects test is not satisfied." *Id.* Importantly, a defendant's actions "do not create sufficient contacts with the forum state 'simply because he allegedly directed his conduct at [a] plaintiff[] whom he knew had . . . connections' with the forum state." *Id.* at 1363 (quoting *Walden v. Fiore*, 571 U.S. 277, 289 (2014)). The minimum contacts test, while doctrinally distinct, asks a related question: whether the defendant's contacts with the forum (1) are related to the plaintiff's cause of action, (2) involve some act by which the defendant purposefully availed herself of the privilege of conducting activities in the forum, and (3) are such that the defendant should reasonably anticipate being haled into court there. *Louis Vuitton*, 736 F.3d at 1357.

The plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. *Id*. "Vague and conclusory allegations do not satisfy this burden." *Catalyst Pharms., Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018).

## DISCUSSION

The Report correctly concludes that the exercise of personal jurisdiction in this case would offend the Due Process Clause [ECF No. 129]. Plaintiff's various objections to the Report do not provide a basis to conclude otherwise.

***

Plaintiff's first series of objections all target the notion that Plaintiff's allegations of defamatory conduct satisfy the effects tests framework for determining personal jurisdiction, as utilized in *Calder v. Jones*, 465 U.S. 783 (1984) [ECF No. 140 pp. 2–3, 6–13]. That test, as noted, "requires a showing that the defendant (1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." *Oldfield*, 558 F.3d at 1221 n.28.

The Second Amended Complaint fails at least the second part of that test.  While Plaintiff alleges that Defendant knew Plaintiff resided in Florida and that Defendant's conduct caused injury to Plaintiff in Florida and elsewhere [ECF No. 60 ¶¶ 28, 41, 44(b), 44(e), 56, 71, 85], "a defendant's actions do not create sufficient contacts with the forum state simply because he allegedly directed his conduct at a plaintiff whom he knew had connections with the forum state." *Moore*, 109 F.4th at 1363 (internal quotation marks, brackets, and ellipses omitted); *McCall v. Zotos*, No. 22-11725, 2023 WL 3946827, at *5 (11th Cir. June 12, 2023) ("The mere fact that Ms. Zotos knew that the plaintiffs resided in Florida is not sufficient to show that Florida was targeted as the focal point of the statements.").  Nor is it enough, absent evidence that Defendant manifested an intent to target and focus on Florida readers, that Plaintiff suffered harm in Florida by virtue of some individuals' potential access to the defamatory statements in Florida [ECF No. 60 ¶¶ 56, 71].  *Id.*; *see also McCall*, 2023 WL 3946827, at *5 (affirming dismissal for lack of personal jurisdiction in defamatory-statement case where internet posting did not show intent to target and focus on readers in forum); *Walden*, 571 U.S. at 290 ("*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum.").

It is true that Defendant allegedly contacted employees/owners of what Plaintiff characterizes as two "Florida based" entities ("KOHR Motorsport" and "IMSA") by "tagging" their social media accounts with defamatory information and also by communicating with them via other means, including via e-mail [ECF No. 60 ¶¶ 28, 43, 56, 71].  But nothing in those allegations plausibly indicates that Defendant knew that KOHR or IMSA were located in Florida or that Defendant intended Florida as the focal point of her statements [ECF No. 129 p. 14 (noting that SAC lacks allegations that Defendant "knew any of the individuals or entities were in Florida[] or that she intended her conduct's effects to be felt in Florida")].  Without some non-conclusory

allegation that Defendant knew these entities were in Florida or at least some other factual content

showing Defendant's awareness of those entities' presence in Florida, Defendant's various digital

communications to those entities cannot establish that Florida—rather than the United States at

large or any other forum in the United States—was the target of her conduct. *See Moore*, 109

F.4th at 1364; *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011) ("[I]f the plaintiff does

not show that the defendant otherwise knew where the recipient was located, the email itself does

not demonstrate purposeful direction of the message to the forum state, even if that happens to be

where the recipient lived."); *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 846 (10th Cir. 2020)

(same, and noting that nonspecific "knowledge" that communications would reach a forum state

was insufficient to show "purposeful direction" into a forum state).[2]

Plaintiff next challenges the Report's conclusion that Defendant's conduct lacks the

necessary connection to Florida to establish a *prima facie* case for personal jurisdiction over

Defendant based on minimum contacts. *Louis Vuitton*, 736 F.3d at 1357 (setting forth three-part

minimum contacts test); s*ee also Walden*, 571 U.S. at 285. Here too Plaintiff's Objection, which

rehashes his earlier arguments, lacks merit. The only alleged contacts with any apparent

connection to Florida are Defendant's communications with "Florida-based" KOHR Motorsports

and IMSA mentioned above, but those contacts are insufficient to meet the minimum contacts

standard for the reasons stated herein and in the Report. *See Micro Fin. Advisors, Inc. v. Coloumb*,

---

[2] The Court has considered, and rejects, Plaintiff's various other arguments challenging the Report's application of the effects test and evaluation of related caselaw. As one example of these various attacks, Plaintiff criticizes the Report for purportedly reaching a decision that conflicts with two district court decisions [ECF No. 140 pp. 10–11 (citing *See Adam J. Rubinstein, M.D., P.A. v. Ourian*, No. 20-CV-21948, 2020 WL 6591559, at *2 (S.D. Fla. Nov. 10, 2020) and *Gubarev v. Buzzfeed, Inc.*, 253 F. Supp. 3d 1149, 1160 (S.D. Fla. 2017))]. Neither decision is binding; and neither has the benefit of the Eleventh Circuit's recent, binding guidance on personal jurisdiction in the unique context of social media and internet-based activities. Thus, even assuming the facts in those cases were clearly akin to the facts herein (a debatable point, at the very least), the Court finds no reason to disturb the Report on the basis of the Report's treatment of those authorities.

No. 23-11062, 2023 WL 7156898, at *4 (11th Cir. Oct. 31, 2023) (noting that tortious emails and calls to individual in Florida insufficient to show minimum contacts); *Sturmanskie LLC v. Picturemaxx Ag*, No. 21-cv-21090, 2022 WL 3030451, at *8 (S.D. Fla. July 5, 2022) (analyzing minimum contacts and stating that "[p]laintiff's reliance on the argument that Defendants were sending e-mails and making phone calls with full knowledge that those communications were being directed at a Florida resident is simply not sufficient"), *report and recommendation adopted*, 2022 WL 3028072 (S.D. Fla. Aug. 1, 2022).  Further, Plaintiff's minimum contacts objection cites no new binding authority and identifies no error of fact or law in the Report's analysis [*see* ECF No. 87 pp. 11–12 (presenting the same argument)].

Plaintiff's last bucket of objections can be characterized as either meritless or untimely or both.

- Plaintiff says, for example, that the "verified" nature of the Second Amended Complaint supports the exercise of personal jurisdiction [ECF No. 140 p. 13].  This is incorrect.  Verification of a pleading does not cure insufficient jurisdictional allegations.  *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (holding that plaintiff who "relies solely on vague and conclusory allegations" cannot "establish a prima facie case of personal jurisdiction");  *see also Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1217-18 (11th Cir. 1999) (finding vague jurisdictional allegations insufficient to establish prima facie case of personal jurisdiction).

- Plaintiff also raises various other arguments in his Objections that he did not raise in the briefing on the Motion to Dismiss [ECF No. 140 p. 10 (arguing that Florida has a strong interest in adjudicating this dispute), 12 (arguing that *Walden v. Fiore*

is factually distinguishable), 14–15 (arguing that Defendant's "deemed admissions" support a finding of personal jurisdiction))].  The Court need not consider these untimely contentions.  *See, e.g.*, *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009), 408 F. App'x 248, 253 (11th Cir. 2011) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); *Starks v. United States*, Nos. 09-CIV-22352 & 07-CR-20588, 2010 WL 4192875, at *3 (S.D. Fla. Oct. 19, 2010) ("Arguments that are not raised before a magistrate judge cannot be raised for the first time as an objection to a report and recommendation.").  And even if the Court were to consider these arguments for the first time, none would overcome the Due Process concerns identified in this Order and in the Report.

- Plaintiff next challenges the Report for purportedly improperly collapsing the long-arm statute inquiry [ECF No. 140 p. 3].  The Report focuses on the Due Process Clause, without engaging with the statutory question under Florida's long-arm statute [ECF No. 129 pp. 8–10 (restating the parties' arguments on the Florida long-arm statute but clearly concluding that the Report "need not reach whether personal jurisdiction over Ms. Borell is permissible under the long-arm statute because it is impermissible under the Due Process Clause")].  But there is no error in that approach, as caselaw is clear that a federal district court is authorized to exercise jurisdiction over a nonresident defendant only if both the requirements of Florida law and the United States Constitution are met.  *See Licciardello*, 544 F.3d at 1283–84.

- Still further, Plaintiff objects that dismissal will leave him with no forum because Defendant refuses to disclose her location [ECF No. 140 p. 16]. Whether that factual point regarding Defendant's location is true, or always going to be true, is unclear. What is clear, for purposes of the Due Process Clause, is that Plaintiff must make a prima facie showing that Defendant purposefully directed her conduct at Florida. The answer here is no, even accepting all of Plaintiff's allegations as true, for all of the reasons stated in the Report and supplemented herein.

- Finally, Plaintiff urges the Court to permit yet another round of repleading in this case in order to allege additional jurisdictional facts [ECF No. 140 pp. 18–19]. Justice does not require repleading, whether viewed under the more liberal standard in Fed. R. Civ. P. 15(a) or the good cause standard to modify a scheduling order in Fed. R. Civ. P. 16(b) [ECF No. 27 p. 3 (setting July 8, 2025, as the deadline to amend pleadings)]. For starters, Plaintiff, who is represented by counsel, has filed no motion for leave to amend, electing instead to embed a generalized request for amendment in the Opposition to the Motion and then later in the Objections [ECF No. 87 p. 20; ECF No. 140 pp. 18–19]. This is procedurally improper and reason alone to deny amendment, without further analysis. *See Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1298 (11th Cir. 2025). Alternatively, if any additional justification were necessary, the circumstances of this case do not warrant repleading. This is now Plaintiff's third pleading in this suit [ECF Nos. 1, 37, 60]. Plaintiff has had ample time to litigate this matter, including through authorization of expedited discovery [*see* ECF Nos. 7, 56]. And even now, after ample briefing on Defendant's Motion and the Report, Plaintiff still does not

11

specify what he would add to a subsequent pleading to cure the jurisdictional deficiencies.    Repleading is not warranted.

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Report and Recommendation [ECF No. 129] is **ACCEPTED** in accordance with this Order.[3]

2.  Plaintiff's Objections to the Report [ECF No. 140] are **OVERRULED**.

3.  Defendant's Motion to Dismiss [ECF No. 62] is **GRANTED** under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

4.  Plaintiff's Second Amended Complaint [ECF No. 60] is **DISMISSED WITHOUT PREJUDICE**.

5.  The Clerk shall **CLOSE** this case.

**ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of April 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

[3] The Report does not address Defendant's other non-jurisdictional arguments for dismissal, and Defendant raises no challenge to that decision [ECF No. 62 (failure to prosecute, statute of limitations, "bad faith and forum-shopping," "material misrepresentations," and "actual malice unprovable").